## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSE RODRIGUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-669-J** |
| | ) | |
| **SCOTT YOUNG,** | ) | |
| | ) | |
| **Respondent.[1]** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Jose Rodriguez, a federal prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Bernard M. Jones has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Respondent has filed a Motion to Dismiss, Petitioner has filed a Response, and Mr. Young has filed a Reply[2]. (ECF Nos. 12, 16, & 17). The Court should **DENY** the Motion to Dismiss and **TRANSFER** the Petition to the District of Maryland.

---

[1] Initially, Petitioner named BOP-Toler House Newark, N.J. as the Respondent and filed the Petition in the District of New Jersey. *See* ECF No. 1. But when Mr. Rodriguez filed the Petition, he was incarcerated at the Federal Transfer City (FTC) in Oklahoma City. *See* ECF No. 2. As a result, the District of New Jersey transferred the case to this Court. *See* ECF No. 2. On September 8, 2020, the warden of the FTC, Scott Young, filed a Motion to Dismiss. (ECF No. 12). At that time, Mr. Young should have been substituted as the Respondent. *See Rumsfeld v. Padilla,* 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("[T]he default rule is that the proper respondent [in a 28 U.S.C. § 2254 petition] is the warden of the facility where the prisoner is being held."); *see also Bland v. Sirmons,* 459 F.3d 999, 999 n. 1 (10th Cir. 2006) (substituting the proper respondent). On October 19, 2020, the Court received notice that Mr. Rodriguez had been transferred to Cumberland-FCI in Cumberland, Maryland. *See* ECF No. 13. Thus, technically, the current Respondent would be the warden of that facility, but for purposes of ruling on the Motion to Dismiss, the Court Clerk's Office should substitute Mr. Young as the Respondent, as he was the warden of the facility when Mr. Rodriguez filed the Petition and Mr. Young filed the Motion to Dismiss.

[2] Petitioner has filed a Motion to Strike Reply, (ECF No.18) but based on the recommendation, the Court denies the motion. *See infra."*

## I.    BACKGROUND

On July 10, 2020, while temporarily confined at the FTC, Petitioner filed a habeas Petition challenging a disciplinary conviction which occurred at BOP-Toler House in Newark, New Jersey. (ECF Nos. 1:2; 12-1:5). Mr. Rodriguez had tested positive for the presence of alcohol through the use of a breathalyzer which was conducted upon his return to the facility from a weekend pass and was found guilty of violating "code 112 use of intoxicants" with sanctions imposed, including the loss of good time credits. (ECF Nos. 12-1:5; 12-2:7). Mr. Rodriguez appealed the conviction, requesting "the incident report to be expunged and the sanctions be restored [sic]." *See* ECF No. 12-1:1. The appeal was "partially granted" to the extent that a re-hearing was ordered. *See* ECF Nos. 12-2:1-2.

Mr. Rodriguez filed a habeas action under 28 U.S.C. § 2241, requesting the removal of the sanctions imposed as a result of the conviction, which Petitioner claims include: (1) the loss of forty-one "good time credits" and (2) a one-year sentence reduction which he had allegedly earned prior to the conviction. (ECF Nos. 1:8; 16).[3] On October 19, 2020,

---

[3] The record is unclear regarding the exact nature of the sanctions imposed. According to Petitioner, the disciplinary conviction sanctions imposed involved "41 Loss of GTC" and "Loss of RDAP Year." (ECF No. 1:2). Mr. Rodriguez contends that prior to the disciplinary conviction, he had completed the Bureau of Prison's (BOP) Residential Drug Abuse Program (RDAP) and had been awarded a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B). (ECF No. 16:3). According to Respondent, "the Disciplinary Hearing Officer ("DHO") approved the loss of 41 days of good conduct time [and] Petitioner also loss [sic] the possibility of an early release pursuant to RDAP." (ECF No. 12:3). However, the evidence attached to Respondent's Motion to Dismiss and Reply do not seem to support either parties' statements regarding the loss of an RDAP sentence reduction—whether speculative or not. For example, the Center Discipline Committee Report outlines the finding of guilt and purports a "Sanction Recommendation" of: "LOP for 30 days and loss of GCT time." (ECF No. 12-2:7). And a BOP internal "Inmate Discipline Data Chronological Disciplinary Record" states that the conviction resulted in "DIS GCT / 41 DAYS / CS." (ECF No. 12-1:4). Additionally, Respondent submitted an Affidavit in connection with his Reply brief from Darrell Huff, the Disciplinary Hearing Officer for the BOP at FCI-Cumberland. (ECF No. 17-1:1-3). According to Mr. Huff, "[a]s a result of the conviction, [Mr. Rodriguez] lost Good Conduct Time and was returned to BOP custody." (ECF No. 17-1:2). Mr. Huff made no mention of any "RDAP early release" sentence reduction being involved as a sanction to the original conviction. *See* ECF No. 17-1:1-3.

the Court received a notice from Petitioner stating that he had been transferred to Cumberland-FCI Satellite Camp in Cumberland, Maryland. (ECF No. 13).

## II.    STANDARD OF REVIEW

Respondent has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 12). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id* When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion for summary judgment. *See Holt v. United States,* 46 F.3d at 1003 (citing *Wheeler v. Hurdman,* 825 F.2d 257, 259 n. 5 (10th Cir. 1987)). Where, however, the court determines that jurisdictional issues raised in a Rule 12(b)(1) motion are intertwined with the case's merits, the court should resolve the motion under either Rule 12(b)(6) or Rule 56. *See Franklin Sav. Corp. v. United States,* 180 F.3d 1124, 1129 (10th Cir. 1999); *Tippett v. United States,* 108 F.3d 1194, 1196 (10th Cir. 1997). "When deciding whether jurisdiction is intertwined with the merits of a particular

dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.' "*Davis ex rel. Davis v. United States,* 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1324 (10th Cir. 2002)).

Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). The Tenth Circuit has noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248.

"Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *See id.* at 1247.

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, at 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679.

## III.    RESPONDENT'S MOTION TO DISMISS

In part, Respondent has challenged the Court's jurisdiction, arguing that the Petition should be dismissed because: (1) Plaintiff's transfer to Maryland deprives the Court of jurisdiction and (2) the Petition is moot because a re-hearing has been ordered. (ECF No. 12).[4] The Court should deny the Motion to Dismiss and transfer the case to the District of Maryland.

---

[4] Respondent also argues: (1) Petitioner has no protected liberty interest in the reduction of his sentence in connection with the RDAP and (2) the Court lacks jurisdiction to review the BOP's discretionary decision to deny Petitioner early release upon his successful completion of the RDAP. (ECF No. 12:7-9). But these arguments are irrelevant, as Petitioner has not challenged a grant or denial of a sentence reduction under 18 U.S.C. §3621(e)(2)(B). Instead, Petitioner has stated that prior to the disciplinary conviction, he had already earned the sentence reduction and the reduction was taken as a sanction to the disciplinary conviction. *See supra.*

### A.    Jurisdiction

"District courts are limited to granting habeas relief 'within their respective jurisdictions.' " *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require nothing more than that the court issuing the writ have jurisdiction over the [petitioner's] custodian." *Id.* (internal quotation marks omitted). "This custodian, moreover, is 'the person' with the ability to produce the [petitioner's] body before the habeas court" to attempt to justify the allegedly unlawful detention. *Id.* at 435 (quoting 28 U.S.C. §§ 2242, 2243). Thus, "longstanding practice confirms that in habeas challenges to present physical challenges to confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* Such petitions generally must be filed in "the district of confinement." *See id.* at 443; *Chestnut v. Fox*, No. CIV-16-1367-R, 2017 WL 1283910, at *1 (W.D. Okla. Apr. 5, 2017).

Mr. Rodriguez was confined within the Western District of Oklahoma when he filed his Petition. *See* ECF No. 1.[5] As "jurisdiction attaches on the initial filing for habeas corpus relief, and ... is not destroyed by a transfer of the petitioner and the accompanying custodial change," *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985), this Court retains jurisdiction over the petition despite Petitioner's transfer to a facility in Maryland. *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after [ ]he properly files a petition naming h[is] immediate

---

[5] Petitioner improperly filed the Petition in the District of New Jersey although he was incarcerated at the FTC at the time of filing. *See* ECF No. 2. Because Petitioner was at the FTC, the District of New Jersey transferred the Petition to this Court. *See* ECF No. 2.

custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). Petitioner's transfer, however, does deprive the Court of power to grant Petitioner the relief he seeks. "District courts are limited to granting habeas relief 'within their respective jurisdictions.' " *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). For § 2241 petitions, this means that the district court must have jurisdiction "over the custodian." *Id.* (internal quotation marks and citation omitted); *see also* 28 U.S.C. § 2243 ("The writ ... shall be directed to the person having custody of the person detained."). Because the Petitioner is now incarcerated in Maryland, this Oklahoma district court lacks jurisdiction over his Maryland-based custodian and, thus, is powerless to effectuate any relief. *See Berry v. Fox*, 704 F. App'x 789, 790 (10th Cir. 2017) ("Although jurisdiction attaches under § 2241 where the inmate is confined when the petition is filed, the [Oklahoma] district court's order was undoubtedly correct that [petitioner's] transfer to state custody in Michigan rendered the court incapable of ordering effectual relief...."); *Griffin v. Kastner*, 507 F. App'x 801, 802–03 (10th Cir. 2013) ("[The warden of the Federal Transfer Center in Oklahoma] no longer has custody of [petitioner] and is therefore powerless to provide any relief the district court might order. [Petitioner] is currently detained in Missouri, outside the district of confinement and therefore outside the scope of the district court's habeas jurisdiction. With no effectual relief possible, [the] petition is moot." (internal quotation marks and citation omitted)); *see also Gorbey v. Warden of Fed. Transfer Ctr.*, 580 F. App'x 682 (10th Cir. 2014) (affirming Western District of Oklahoma's dismissal of § 2241 petition where petitioner was transferred to Kentucky

7

from Oklahoma after the filing of the petition). On this basis, the petition would ordinarily be considered moot and dismissed without prejudice. *See Naranjo-Delgado v. United States*, 2019 WL 2342689, at *1 (W.D. Okla. June 3, 2019).

However, it is well-established a Petitioner may avoid the mootness doctrine if collateral consequences of the primary injury still exist. *See Riley v. I.N.S.*, 310 F.3d 1253, 1256–57 (10th Cir. 2002). And relatedly, pursuant to 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction," it must transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," but only if doing so "is in the interest of justice." *Id.* In making this determination, "a court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir. 2000) (quotations omitted). Here, the Court should take a peek at the merits, and conclude at this stage, Petitioner has stated a claim that would avoid the mootness doctrine. Because Petitioner is now incarcerated in Maryland, transfer to that district is appropriate.

### B.    Transfer

"Article III's requirements that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.,* 43 F.3d 1345, 1348 (10th Cir. 1994) (superseded by statute on other

grounds). Respondent asserts that Petition is moot because Mr. Rodriguez has been granted a rehearing for the disciplinary matter he challenges in the Petition. (ECF No. 12:9-10).[6]

In support of this argument, Respondent cites *Veal v. Jones*, 349 F. App'x 270, 272 (10th Cir. 2009), but the Court should conclude that *Veal* is not persuasive. In *Veal*, the Court found that a habeas petition challenging a disciplinary hearing had been rendered moot based on the fact that the conviction had been overturned and the petitioner had been provided a new hearing. *Veal*, 349 F. App'x 272. But the petition was considered moot based on the fact that the petitioner "ha[d] already received the precise remedy he has requested[.]" *Id.*

---

[6] Mr. Young attached the response to Petitioner's administrative appeal along with an internal memorandum sent to the warden at the facility where Petitioner was presumably housed at the time of the response. *See* ECF No. 12-2:1-2. The appeal response stated:

> A review of your appeal revealed questions concerning the disciplinary process. Accordingly, this disciplinary action is being remanded for further review. You will be notified of the date and time for further proceedings. After further proceedings, you may appeal against to this office, if you desire. To this extent, your appeal is partially granted.

(ECF No. 12-2:1). The memorandum accompanying the response stated:

> Attached is our response to the above-referenced Administrative Remedy Appeal. Inmate Rodriguez appealed the December 9, 2019 decision of the Center Discipline Committee (CDC) at Toler House finding he committed the prohibited act of Use of Alcohol, Core 112, Incident Report No. 3339635. He denies committing the prohibited act, and requests the Incident Report be expunged.
>
> Upon review, a concern was noted. When appearing before the investigator inmate Rodriguez presented a defense that the Alco-sensor used to administer the test was not functioning properly. Neither the investigator nor the CDC addressed this defense and verified that the Alco-Sensor was functioning properly. This Incident Report should be re-processed from the investigation stage, or it should be expunged. The reprocessing of this disciplinary action should not exceed 30 days from the date of this memorandum.

(ECF No. 12-2:2).

As stated, Mr. Rodriguez can avoid mootness if the disciplinary conviction continues to create collateral consequences after it had been set aside.[7] On this issue, Mr. Rodriguez bears the burden of proof. *See United States v. Meyers,* 200 F.3d 715, 722 (10th Cir. 2000) (stating that the party seeking to avoid mootness, based on collateral consequences, bore the burden of proof); *see also United States v. Vera–Flores,* 496 F.3d 1177, 1181 (10th Cir. 2007) ("Where direct injury is absent and there is no presumption that collateral consequences arise from erroneous district court action,[4] the appellant bears the burden of demonstrating sufficient collateral consequences to avoid dismissal for mootness." (citations omitted)). The Court should conclude that, at this stage, Mr. Rodriguez has met this burden.

Petitioner concedes that the BOP has provided him with another hearing. (ECF No. 16:1). Even so, he contends that the case is not moot because collateral consequences of the conviction still remain. According to Mr. Rodriguez, sanctions imposed as a result of the disciplinary conviction included revocation of 41 good time credits and a one-year sentence reduction which he had earned prior to the conviction. (ECF No. 1:2).[8] Although a re-hearing was ordered, there is no evidence that the sanctions were removed, and Mr. Rodriguez states that with the sentence reduction and the forty-one good-time credits, his "out date" would have been March 10, 2020. (ECF No. 1:8). However, because the sanctions flowing from the original conviction still exist, he remains incarcerated. (ECF No. 16). Thus, unlike

---

[7]  *See Oyler v. Allenbrand,* 23 F.3d 292, 294 (10th Cir. 1994) ("An exception to the mootness doctrine occurs ... in instances where collateral consequences from a judicial decision give a party a sufficient stake in the outcome of the case." (citation omitted)).

[8]  Whether a one-year sentence reduction was taken from Petitioner as a sanction to the disciplinary conviction is debatable. *See supra*. But at this stage, the Petitioner's allegations should be taken as true. *See supra* (noting that when jurisdictional issues raised in rule 12(b)(1) motion are intertwined with the case's merits, the court should resolve the motion under 12(b)(6), and accept, as true, all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff).

the petitioner in *Veal*, Mr. Rodriguez' Petition is not moot because Petitioner has not received all of the relief he originally requested and collateral consequences continue to flow from the conviction.

At this stage, the Court must take Petitioner's allegations as true. Mr. Rodriguez has alleged that he is improperly incarcerated based on the fact that the sanctions still remain in place as a result of a disciplinary conviction which has been overturned. Thus, the Court should: (1) conclude that Petitioner has met his burden of proof that the Petition is not moot and (2) transfer the Petition to the District of Maryland for further proceedings.

## IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Respondent's Motion to Dismiss **(ECF No. 12)** be **DENIED** and the Petition be **TRANSFERRED** to the District of Maryland. In light of the foregoing recommendation, Petitioner's Motion to Strike **(ECF No. 18)** is **DENIED.**

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 8, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**V.    STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge.

ENTERED on January 22, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE