# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-21-535 |
| BOP – TOLER HOUSE NEWARK, N.J., | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

On July 10, 2020, Jose Rodriguez filed the above-captioned Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, challenging a disciplinary conviction which occurred at the Federal Bureau of Prisons ("BOP")-Toler House in Newark, New Jersey, and claiming he was being denied the benefit of a one-year early release under the Residential Drug Abuse Program and 41 days of good time credit. ECF No. 1. Because Rodriguez was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma at the time, his case was transferred to the U.S. District Court for the Western District of Oklahoma ("Oklahoma Court"). ECF No. 2. On October 8, 2020, the U.S. Attorney for the Western District of Oklahoma filed a Motion to Dismiss on behalf of Respondent arguing, *inter alia*, that Rodriguez was not entitled to the relief sought, his request for habeas relief was moot, and the Oklahoma Court lacked jurisdiction because Rodriguez was transferred to the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). ECF No. 12. By Order dated March 2, 2021, the Oklahoma Court denied Respondent's Motion to Dismiss and transferred the case to this Court. ECF No. 20. On April 21, 2021, Rodriguez was released from BOP custody. *See* ECF No. 28-1. On May 19, 2021, Respondent filed a Motion to Dismiss the Petition. ECF No. 28.

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

Respondent argues that the Petition should be dismissed because Rodriguez has been released from BOP custody, thus rendering the Petition moot. ECF No. 28. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U.S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x. 295 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. App'x. 428 (4th Cir. 2005).

As the government has explained and documented, Rodriguez is no longer incarcerated. He sought early release from BOP custody, and he has since been released. Thus, the Court is unable to remedy the grievance presented in his Petition. As the case is now moot, the Court lacks subject matter jurisdiction. Accordingly, Respondent's Motion shall be granted, and the Petition will be dismissed.

A separate Order follows.

_____ 6/22/21
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE